BELLFLOWER TOWNSHIP, Petitioner-Appellee, v. ILA KUMLER, Respondent-Appellant.

Fourth District   No. 4—91—0822

Opinion filed May 28, 1992.

Jack C. Vieley, of Peoria, for appellant.

John N. Stevens, of Bloomington, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

In 1984, Ila Kumler (Kumler) was appointed Supervisor (Supervisor) of Bellflower Township (Township) by the Township's Board of Trustees (Board), to serve the balance of her deceased husband's term. She was then elected Supervisor in 1985 and 1989 by the voters of the Township. In 1989, the Board purported to disqualify her from serving as Supervisor, pursuant to section 11—9 of the Township Law of 1874 (Township Law) (Ill. Rev. Stat. 1989, ch. 139, par. 108). The Township sought an injunction against Kumler in McLean County circuit court and later filed a motion for summary judgment, which the court granted. Kumler appeals from the order granting summary judgment. We reverse.

On June 22, 1989, the Township filed a petition in the McLean County circuit court alleging Kumler neglected to keep proper accounts of various public funds, distribute township tax receipts into proper funds, properly account for interest earned on township tax receipts, account for interest earned in the proper funds, properly report township expenses and payment of township expenses to the Board, and issue payments to herself in proper amounts "in that she issued excessive payments to herself in the amount of $900.00 per year for the years 1985, 1986, 1987 and 1988." The petition alleged the Board had explained proper reporting procedures to Kumler and demanded she comply with them, but she refused to do so.

The petition alleged on May 9, 1989, the Board demanded Kumler reimburse the Township for overpayments she made to herself ($3,600), but she refused to comply. At a meeting of the Board held May 9, 1989, the Board declared Kumler disqualified to act as Supervisor and assessed a forfeiture of $50, pursuant to statute. (See Ill. Rev. Stat. 1989, ch. 139, par. 108.) The Board demanded Kumler return Township books, records and checks, but she refused to do so.

The petition did not specify the relief sought and is apparently missing one or more pages. However, the Township also filed a petition for injunction on June 22, 1989. The petition for injunction repeated many of the allegations enumerated in the aforementioned petition, but also alleged irreparable harm and inadequate remedies at law. The Township sought an injunction ordering Kumler to return the Township's books, records, and checks; desist from continuing to draw checks on Township funds; refund $3,600 in overpayments made to herself with 6% interest; and pay the $50 forfeiture.

Kumler filed a response to the petition and to the petition for injunction. She contended a public officer could not forfeit her office unless convicted of a crime. (Ill. Rev. Stat. 1989, ch. 38, par. 33—3.) The criminal statute requires intentional, reckless or knowing conduct. Kumler also alleged the Board lacked statutory authority to disqualify her from office and seek an injunction against her.

On November 2, 1989, the Township filed an amended petition and an amended petition for injunction. The amended petitions added allegations of misconduct to those made originally. The amended petitions alleged Kumler retained Township employment records, thus making it impossible for the Township to file employment reports and pay taxes due for the first quarter of the year. Due to the Township's failure to file a quarterly report of employment taxes and to pay the taxes, the Federal and State governments assessed penalties and interest. The amended petitions also alleged Kumler retained all blank

forms for filing various reports and, as a result, the Township was unable to file its taxes for the second quarter. The Township sought an order directing Kumler to pay the penalties and interest assessed by the Federal and State governments.

On March 15, 1991, the Township filed a motion for summary judgment pursuant to section 2—1005 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005). The motion alleged the parties stipulated to preparation of an audit of Township records and an audit had been completed. The motion alleged there were no genuine issues of material fact and listed numerous documents, attached to the motion, as support for the contention. The motion sought summary judgment for the Township "determining that Petitioner's termination of the Respondent was appropriate, that Respondent must be required to return all books, records, accounts, certificates of deposit and other documents and properties of the Township to the Petitioner."

The circuit court entered an order on October 25, 1991, granting the Township's motion for summary judgment. The court found Kumler failed to perform the various duties of her office as outlined in the audit report: "[T]he number and specific examples of ILA KUMLER'S failures are extensive, and that fact combined with the length of time for which the failures continued, are sufficient to form the conclusion that the Respondent's failure to properly perform the duties of her office was wilful." The court also found the Board's disqualification of Kumler was lawful and proper pursuant to statute. (See Ill. Rev. Stat. 1989, ch. 139, par. 108.) Because there were no genuine issues of material fact, the court granted the motion. This appeal followed.

■ On appeal, we must first determine whether the Board had authority to disqualify Kumler. The circuit court based its decision regarding the Board's authority on section 11—9 of the Township Law, which states: "If any supervisor shall refuse, or shall wilfully neglect to perform any of the duties of his office contained in the preceding sections of this article, he shall forfeit to the town the sum of $50 and be disqualified to act as the supervisor of said town." (Ill. Rev. Stat. 1989, ch. 139, par. 108.) The Township Law is silent as to who makes the finding of wilful neglect and disqualifies the Supervisor.

The Board receives financial information prepared by the Supervisor. The Board also has statutory authority to accept the resignations of town officers (Ill. Rev. Stat. 1989, ch. 139, par. 99) and previously had authority to temporarily replace town officers who become physically incapacitated while in office (Ill. Rev. Stat. 1989, ch. 139, par.

97). The Board contends because it has those statutory powers, it must also have the power to disqualify the Supervisor. Otherwise, the Township will suffer while awaiting the outcome of court action.

■ Kumler contends because the Township Law does not specifically give the Board authority to disqualify the Supervisor, the Board does not have such power. We agree. She cites *Diversified Computer Services, Inc. v. Town of York* (1982), 104 Ill. App. 3d 852, 433 N.E.2d 726, as support for her argument. There, the defendant township entered a lease agreement with a computer company. The township defaulted on the contract and the computer company sued. The appellate court concluded the township lacked power to enter the contract for which there had been no full, prior appropriation. The contract was unenforceable. "[T]ownships, like all other non-home-rule units, have no inherent powers, but only those granted to them by the constitution or authorized by statute." *Diversified Computer Services*, 104 Ill. App. 3d at 857, 433 N.E.2d at 730.

In *Boyd v. Ford* (1985), 133 Ill. App. 3d 626, 479 N.E.2d 337, the voters of Wood River Township filed petitions with the town clerk seeking a referendum to submit a proposition to discontinue the maintenance and operation of the township's hospital. An objection was filed asserting the legislature never provided a means or method whereby the voters of a town could seek a referendum to discontinue hospital operations. The township electoral board voted to sustain the objection. The circuit court affirmed the electoral board. The appellate court agreed, stating:

> "The legislature has not seen fit to provide any means or mechanism for discontinuance of operations of a township hospital. If the legislature elects to permit the creation and operation of a township hospital, but denies the township the power to discontinue operations of such hospital, it may do so. Townships, like all other non-home-rule units of local government, have no inherent powers, but only those granted to them by the constitution or authorized by statute. [Citations.] This being the case, the petitioner's only avenue for relief must be in asking the legislature to enact legislation establishing a procedure whereby they may seek the discontinuance of operations of the Wood River Township Hospital." *Boyd*, 133 Ill. App. 3d at 633, 479 N.E.2d at 343.

■ Section 11—9 of the Township Law provides for disqualification of the Supervisor if she refuses or wilfully neglects to perform any of the duties of her office. The statute is silent as to who shall make the determination of wilful neglect and disqualify the Supervi-

sor. The statute does not expressly or implicitly give this power to the Board. Because neither the State constitution nor the Township Law grants the Board power to evaluate the Supervisor's performance and disqualify her from serving in her elected office if warranted, we hold the Board was without legal authority to do so.

Instead, the circuit court should make the initial determination of whether the Supervisor should be disqualified based on wilful neglect of duties. A neutral judicial officer should make this determination for two reasons. First, it will prevent an elected official from being disqualified from an office bestowed upon her by the voters simply because the Supervisor and the Board disagree on the Supervisor's performance of the duties of the office. The audit and the court's grant of summary judgment suggest the Board had serious cause for concern in this case, but those concerns do not give the Board the power to disqualify an elected official. Second, an initial determination of guilt by the court ensures the constitution's prohibition against bills of attainder (U.S. Const., art. I, §§9, 10; Ill. Const. 1970, art. I, §11) is not violated. Bills of attainder are "legislative acts inflicting punishment on certain persons without judicial trials." *Pickus v. Board of Education* (1956), 9 Ill. 2d 599, 611, 138 N.E.2d 532, 538; see also *Polyvend, Inc. v. Puckorius* (1979), 77 Ill. 2d 287, 395 N.E.2d 1376; *People v. Gurell* (1983), 98 Ill. 2d 194, 456 N.E.2d 18.

If the Board believes it should have the power to disqualify the Supervisor, it must ask the legislature to establish a specific and constitutional procedure for it to do so. For now, the Board must file an appropriate complaint in the circuit court and ask the court to determine whether sufficient evidence exists to establish the Supervisor has wilfully neglected her duties and should suffer the penalty of a fine and a disqualification from office.

Kumler also argues the circuit court erred in granting summary judgment for the Township. We need not address this argument because we have decided the Board was without authority to disqualify Kumler.

The judgment of the McLean County circuit court is reversed.

Reversed.

STEIGMANN and LUND, JJ., concur.